HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MUFFIN FAYE ANDERSON,

        Plaintiff,

    v.

KIMBERLY-CLARK CORPORATION,

        Defendant.

CASE NO. C12-1979RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on Defendant's motion for judgment on the pleadings.  Although the parties requested oral argument, the court finds oral argument unnecessary.  For the reasons stated herein, the court GRANTS the motion (Dkt. # 28) and DISMISSES this action with prejudice.  The clerk shall enter judgment for Defendant that its accused products do not infringe the patent-in-suit.

## II.  BACKGROUND

Muffin Anderson is the named inventor of United States Design Patent No. 401,328 (the "'328 Patent").  The '328 Patent contains a single claim to an "ornamental design for an absorbent disposable undergarment" as described in seven drawings.  Ms. Anderson applied for the '328 Patent in September 1997.

Defendant Kimberly-Clark Corporation sells a host of absorbent disposable undergarments, including several products that Ms. Anderson accuses of infringing her

ORDER – 1

patent.  Kimberly-Clark reviewed the list of accused products in Ms. Anderson's first amended complaint (Dkt. # 4) and identified five products that it sells or sold within the past several years.[1]  Those products are four varieties of adult disposable undergarments sold under Kimberly-Clark's "Depend" brand in addition to a no-longer-on-the-market disposable undergarment for children known as "GoodNites," which Kimberly-Clark sold under its "Pull-Ups" brand.  In July 1994, Kimberly-Clark submitted a patent application to the World Intellectual Property Organization ("WIPO") for the design embodied in its GoodNites product.  WIPO issued Kimberly-Clark a patent in February 1996, with international publication number WO 96/03950 (the "'950 WIPO Patent").

Ms. Anderson asserts that each of the accused products infringes the '328 Patent.  Kimberly-Clark denies infringement, and has also filed counterclaims for a declaratory judgment that it does not infringe as well as a declaratory judgment that the '328 Patent is invalid.

### III.  ANALYSIS

This dispute comes before the court on Kimberly-Clark's motion for judgment on the pleadings.  That motion, which Federal Rule of Civil Procedure 12(c) authorizes, is "functionally equivalent" to a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012).  Rule 12(b)(6) requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from its allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  The plaintiff must point to factual allegations that "state a claim to relief

---

[1] After reviewing Ms. Anderson's first amended complaint, counsel for Kimberly-Clark notified her that its competitors manufactured four of the products she accused of infringement.  Ms. Anderson then proposed a second amended complaint (Dkt. # 18-1) that deleted references to those products.  The court granted her leave to file that amended complaint no later than February 5.  Ms. Anderson declined to do so.  It would make no difference to the outcome of this motion if the court relied on the proposed second amended complaint.  The court can likely take judicial notice of the uncontested fact that Kimberly-Clark is not responsible for several of the accused products in the first amended complaint.  Even if the court cannot take judicial notice, the court takes Ms. Anderson's proposed second amended complaint as an admission that Kimberly-Clark does not manufacture the products that she deleted from that document.

ORDER – 2

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").  The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  The court may also consider evidence subject to judicial notice.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Kimberly-Clark's motion requires the court to consider photographs of its accused products along with the '950 WIPO Patent.  The court takes judicial notice of the '950 WIPO Patent.  As to the photographs of the accused products, the court finds that they are central to the allegations of Ms. Anderson's complaint.  As the court will soon discuss, a determination of design patent infringement is a visual exercise, one that requires comparison of the drawings embodying the patented design to the appearance of the accused product.  Although Ms. Anderson insists that the court should permit her to take discovery, she does not contend that Kimberly-Clark's photographs are anything other than true depictions of its accused products.  For that reason, the court will consider the photographs.

A product infringes a design patent if the design embodied in the patent and the design of the product would appear to the ordinary observer to be substantially similar. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008).  In contrast to the court's task in resolving claims of utility patent infringement, design patent infringement does not require claim construction.  *Id.* at 679.  It suffices to provide a

ORDER – 3

description of the claimed design that illuminates its comparison to the accused product. *Id.* at 680. Although the court's analysis may become detailed, involving comparisons of prior art and discussions of design patent conventions, *id.* at 678, 681, a detailed analysis is not always necessary:

> In some instances, the claimed design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear "substantially the same" to the ordinary observer . . . .

*Id.* at 678 (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)). In any event, a court considers only the ornamental aspects of a design patent, because design patents cannot cover purely functional aspects of a product. *Id.* at 681.

In this case, a side-by-side comparison of the drawings of the '328 Patent to the accused products suffices to demonstrate that there is no infringement. The drawings reveal a "bloomers"-style undergarment, which is to say an undergarment that extends to cover each leg substantially below the crotch, with a hem or gather at the leg and waist openings that are designed to fit the leg and waist closely. The leg and waist openings are parallel to each other, and would also be parallel to the ground if the person wearing the undergarment was standing upright. Each of the four accused "Depend" products, by contrast, is a "briefs"-style undergarment, which is to say an undergarment with no leg covering at all. The leg openings of these undergarments are at or above the crotch, and they run at approximately 45-degree angles to the waist opening.

The GoodNites products are different still. Unlike the drawings in the '328 Patent, which depict an unitary undergarment, the GoodNites products consist of a briefs-style undergarment not unlike the "Depend" products, but with a separate (or loosely attached) boxer-short-style layer over it. GoodNites appear, on an external view, to resemble boxer shorts, but their interior is a briefs-style undergarment.

Kimberly-Clark also correctly observes that its '950 WIPO Patent (which issued in 1996) is prior art with respect to the '328 Patent. The '950 WIPO Patent depicts a

ORDER – 4

disposable undergarment that is indistinguishable from the GoodNites products.  Thus, if the court were to accept Ms. Anderson's view that the GoodNites products infringe the '328 Patent, it would also have to declare the '328 Patent invalid in light of the '950 Patent.

There are other differences between the accused products and the '328 Patent.  For example, the '328 Patent depicts an inverted-U-shaped section of the undergarment (with a wearer's crotch situated at the vertex of the inverted "U") made of different material (or at least a different piece of the same material) than the rest of the garment.  None of the accused products incorporate this design.  The court could recount other differences, but the ones it has mentioned are the most striking.  They suffice to demonstrate that the accused products do not infringe the '328 Patent.  Indeed, the only apparent similarity between the claimed design and the accused products are that both serve as disposable barriers to protect the wearer from incontinence.  This purely functional consideration is no basis for a finding of design patent infringement.

## IV.  CONCLUSION

For the reasons previously stated, the court GRANTS Kimberly-Clark's motion for judgment on the pleadings. Dkt. # 28.  Ms. Anderson did not expressly request leave to amend, but the court would not grant it in any event.  No amendment of Ms. Anderson's complaint could overcome the plain differences between her claimed design and the accused products.[2]

---

[2] Ms. Anderson has pursued this action pro se.  Her opposition to Kimberly-Clark's motion for judgment on the pleadings contains no discussion at all of the differences or similarities between her patented design and the products she accuses of infringing.  Even construing her opposition and her complaint with the utmost liberality, she has fallen well short of a viable infringement claim.  Worse, her choice to accuse Kimberly-Clark of infringement without verifying that Kimberly-Clark actually sells the accused products, coupled with her failure to provide any comparison of the accused products to her design, is suggestive of bad faith.  Rule 11 of the Federal Rules of Civil Procedure requires a reasonable investigation *before* filing a complaint, and permits a court to impose sanctions. Fed. R. Civ. P. 11(b)(3)-(4), (c).  No one has requested Rule 11 sanctions in this case, but some of Ms. Anderson's actions in pursuing this lawsuit arguably merit sanctions.  The court urges Ms. Anderson to reconsider her approach if she continues to assert the '328 Patent.

ORDER – 5

1    Kimberly-Clark's motion requests only that the court dismiss Ms. Anderson's

2 complaint with prejudice and enter judgment in its favor.  It does not request relief on its

3 declaratory judgment counterclaims.  This order constitutes a declaratory judgment that

4 none of the accused products infringe the '328 Patent.  Because Kimberly-Clark did not

5 request a declaratory judgment of invalidity in its motion, but requested that the court

6 dismiss the case in its entirety, the court deems its counterclaim for a declaratory

7 judgment to have been abandoned.  This ruling is without prejudice to Kimberly-Clark

8 raising a claim (or defense) that the '328 Patent is invalid in another case.

9    The court DISMISSES Plaintiff's complaint with prejudice and directs the court to

10 enter judgment for Defendant.

11    DATED this 25th day of September, 2013.

12

13

14

15    The Honorable Richard A. Jones
     United States District Court Judge

16

ORDER – 6